IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BEVERLEY LILLY,                     )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )     1:06CV00014
                                    )
THE PRUDENTIAL INSURANCE            )
COMPANY, PRUDENTIAL GROUP           )
INSURANCE OF CHARLOTTE              )
(a/k/a Prudential Group of          )
Charlotte), TERESA CRESS,           )
                                    )
     Defendants.                    )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Beverley Lilly filed this action against Defendants The Prudential Insurance Company ("Prudential"), Prudential Group Insurance of Charlotte ("Prudential Group Insurance"), and Teresa Cress, making a variety of claims under North Carolina state law. Defendants removed the case to federal court on the basis of diversity jurisdiction. This matter is before the court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Cress and a motion to strike under Rule 12(f) filed by Prudential.

**I. BACKGROUND**

The following facts are alleged in the complaint. Plaintiff Beverley Lilly is a resident of Durham, North Carolina. In 1995, she was approached by Teresa Cress, an employee of Prudential Group Insurance, who offered Plaintiff a disability insurance

policy through Prudential.  Based upon representations made by Cress, Plaintiff elected to purchase the policy.

In 1997, Plaintiff was diagnosed with reflex sympathetic dystrophy and fibromyalgia.  Her doctors determined that these conditions rendered her unable to perform the duties of her occupation.  Accordingly, Plaintiff made a claim on her disability insurance policy.  Prudential approved the claim and paid Plaintiff monthly benefits under the policy for four and one-half years.  In 2002, Prudential determined that Plaintiff was not permanently disabled and made no further payments on the policy.  Plaintiff has repeatedly provided Prudential with medical records and other evidence of her disability, but Prudential has continued to refuse to make payments on the policy.

## II. ANALYSIS

There are two motions in this matter awaiting decision. They are based on separate arguments and must be discussed separately.  The court will first discuss the motion to dismiss filed by Defendant Cress and then discuss the motion to strike filed by Prudential.

**a. Motion to Dismiss**

Defendant Cress has filed a motion to dismiss under Rule 12(b)(6). A defendant's motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings but does not seek to resolve disputes surrounding the facts. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A court must determine only if the challenged pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff will ultimately prevail on her claim, but whether she is entitled to offer evidence to support the claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). A pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The pleading must be liberally construed in the light most favorable to the nonmoving party and the allegations made therein taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).

Plaintiff's claim against Cress is based on a duty, under North Carolina law, an insurance agent owes to a client for whom the agent has agreed to procure insurance. As articulated by the North Carolina Supreme Court,

> where an insurance agent or broker undertakes to procure a policy of insurance for another, it is his duty to use reasonable diligence to obtain it and, within the amount of the proposed policy, he may be held liable for a loss sustained by the proposed insured due to his negligent failure to do so.

Wiles v. Mullinax, 155 S.E.2d 246, 249 (N.C. 1967). This duty may continue after the insurance has been obtained, with the result that an agent may be required to continue to advise a client regarding the client's insurance needs. See Fli-Back Co. v. Philadelphia Mfrs. Mut. Ins. Co., 502 F.2d 214, 217-18 (4th Cir. 1974). Nonetheless, there are limits to the duty. "[I]f the agent . . . procured the contemplated insurance coverage from a competent, solvent insurer, so that it was in effect at the time of the casualty against which the proposed insured sought coverage, he has performed his undertaking and is not liable to the insured thereon," regardless of whether the insured successfully collects on the insurance policy. Mayo v. American Fire & Cas. Co., 192 S.E.2d 828, 832-33 (N.C. 1972).

Plaintiff has sued Cress under the theory that Cress was Plaintiff's insurance agent and owed Plaintiff a duty with regard to Plaintiff's insurance coverage. Plaintiff alleges that she relied on Cress to advise her about her insurance needs, that Cress failed to procure for Plaintiff insurance that would provide for Plaintiff's needs, and that Cress either knew or should have known that Prudential "had a history or reputation of improperly contesting disability" and failed to notify Plaintiff. According to Plaintiff, these facts add up to a breach of Cress's duty as an insurance agent.

In response, Cress argues that she had no duty to Plaintiff because, contrary to the allegations made in the complaint, she was not the agent who sold Plaintiff the insurance policy. In

4

support of this contention, Cress has submitted an affidavit. In order to consider this affidavit, the court would have to convert the motion to dismiss to a motion for summary judgment. See Fed. R. Civ. P. 12(b). The court is not convinced, in light of <u>Fli-Back</u>, that the timing of Cress's employment is dispositive in this matter. Rather, the matter will be resolved on other grounds, not requiring the affidavit, so the court will not accept the affidavit at this time and will not convert the motion to one for summary judgment.

Factual allegations in the complaint make clear that Plaintiff has not stated a claim for a breach of an insurance agent's duty. Plaintiff alleges that she purchased her disability policy relying on a representation by her insurance agent that the policy "would pay a monthly disability benefit to her in the event she ever became totally disabled and was unable to perform the material and substantial duties of her occupation while said disability policy was in force." (Compl. ¶¶ 6-7.) She further alleges that when she did become disabled, Prudential honored the policy and paid her monthly payments for four and one-half years. (<u>Id.</u> ¶¶ 8-10.) When Prudential ceased to make these payments, it was because it had "unilaterally decided that Ms. Lilly was not permanently disabled." (<u>Id.</u> ¶ 10.)

Even when taken in the light most favorable to Plaintiff, these allegations show that Plaintiff had the insurance coverage she believed she had, that it was in effect at the time she became disabled, and that it covered her specific disability.

5

The allegations further show that Prudential's refusal to pay was not based on an assertion that Plaintiff was not covered but on an assertion that she was not disabled. If, as alleged, Plaintiff was disabled, Prudential's refusal was wrongful. Nonetheless, Cress is not liable for Prudential's wrongful behavior; she is only liable for her own behavior in executing her duty to procure adequate insurance, and the allegations demonstrate that duty was fulfilled.

Plaintiff has based her claim entirely upon a breach of the duty an insurance agent owes to a client. A finding that the duty has not been breached leads directly to the conclusion that Plaintiff has not stated a claim. For this reason, Plaintiff's claim against Cress will be dismissed.

**b.  Motion to Strike**

Defendant Prudential has filed a motion to strike directed at allegations regarding Prudential Group Insurance. The basis for this motion is that there is no business entity known as "Prudential Group Insurance of Charlotte" or "Prudential Group of Charlotte." In support of this motion, Prudential has submitted two affidavits and makes reference to records of the office of the North Carolina Secretary of State.

Rule 12(f) of the Rules of Civil Procedure empowers the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "[A] motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the

6

subject matter of the litigation and the material may prejudice the other party." Simaan, Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). Matters outside the pleadings are not considered. Microsoft Corp. v. Computer Support Servs. of Carolina, Inc., 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000).

Here, Prudential's argument is based entirely on matters outside the pleadings. The court will not consider the evidence presented at this time. When Plaintiff's allegations are accepted as true, the allegations relating to Prudential Group Insurance are material to the litigation. As a result, the motion to strike will be denied.

Nonetheless, the court agrees with Prudential that if Plaintiff has sued a nonexistent entity, the matter should be resolved early in the litigation. For this reason, the parties shall have six weeks to conduct discovery on this question.[1] At the end of the six weeks, each party will have twenty days in which to file a memorandum outlining its position on whether there is, as alleged, a business entity known as "Prudential Group Insurance of Charlotte" that has the capacity to be sued. The court will revisit the matter at that time.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that The Prudential Insurance Company's Motion to Strike [7] is DENIED.

---

[1] Discovery on other matters should proceed along the normal course.

IT IS FURTHER ORDERED that Teresa Cress's Motion to Dismiss [9] is GRANTED.

IT IS FURTHER ORDERED that the remaining parties shall conduct discovery and submit additional memoranda as described in this opinion.

This the 1st day of September 2006.

                                                           /s/ William L. Osteen
                                                          United States District Judge